IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHANCELLOR CHRISTMAS, # 130719**                                                              **PLAINTIFF**

**VERSUS**                                                                                   **CAUSE NO. 5:15cv121-DCB-MTP**

**DR. JAMES BURKE**                                                                                   **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Chancellor Christmas is incarcerated with the Mississippi Department of Corrections. He filed this action on December 14, 2015.

The next day the Court sent Plaintiff notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form voluntary dismissal. The Court ordered Plaintiff to sign and file either the Acknowledgment or the voluntary dismissal. By a separate Order [4], the Court directed Plaintiff to either pay the $350 filing fee and $50 administrative fee or amend his application to proceed *in forma pauperis*. The responses were due January 14, 2016. Having received no response, on February 2, the Court entered the first Order to Show Cause [5], requiring Plaintiff to show cause, by February 16, why the case should not be dismissed for failure to obey Orders of the Court. When Plaintiff still did not respond, the Court entered the Second Order to Show Cause [6], directing Plaintiff to show cause by March 16 why this case should not be dismissed for failure to prosecute and obey the Court's Orders.

All Orders [3, 4, 5, 6] were sent to Plaintiff's address of record, and they were not returned as undeliverable. To date he has not complied or otherwise contacted the Court. The Court has warned Plaintiff that failure to comply may lead to the dismissal of his Petition. (2d

Order to Show Cause at 1-2); (1st Order to Show Cause at 1-2); (Dkt. 4 at 1-2); (Dkt. 3 at 2). It is apparent from his failure to respond or otherwise communicate with the Court that Plaintiff lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the <u>31st</u> day of <u>March  </u>, 2016.

<u> s/David Bramlette                                      </u>
UNITED STATES DISTRICT JUDGE